People v Arroyo (2025 NY Slip Op 50325(U))

[*1]

People v Arroyo (Andres)

2025 NY Slip Op 50325(U)

Decided on March 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570230/18

The People of the State of New York, Respondent,
against
Andres Arroyo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Patsy Gouldborne, J.), rendered June 30, 2017, after a nonjury trial, convicting him of exposure of a person, and imposing sentence.

Per Curiam.
Judgment of conviction (Patsy Gouldborne, J.), rendered June 30, 2017, affirmed.
The verdict convicting defendant of exposure of a person (see Penal Law § 245.01) was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis to disturb the court's credibility determinations. The arresting officer's testimony that, from a distance of 10 feet, he observed defendant standing on a sidewalk and holding his exposed penis in his hand, is not manifestly untrue or physically impossible as a matter of law (see People v Franceschi, 215 AD2d 330 [1995], lv denied 86 NY2d 794 [1995]). On issues of pure credibility, we must accord deference to the factfinder because "[t]he memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by those who see and hear than by those who simply read the printed narrative" (People v Romero, 7 NY3d 633, 645 [2006][internal quotation marks and citation omitted]).
Defendant's acquittal of the public lewdness charge does not warrant a different result. Although in performing weight of evidence review, we may consider the fact finder's verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n [2000]), where a "verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a [the fact finder's] permissible exercise of mercy or leniency" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]). In any event, aside from leniency considerations, the court could have found that the officer's testimony supported the exposure of a person count but did not establish conduct rising to the level required for a public lewdness [*2]conviction (see People v Gordon, 201 AD3d 443, 444 [2022], lv denied 38 NY3d 950 [2022]; People v Irizarri, 82 AD3d 650 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur concur 
Decision Date: March 14, 2025